UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO CORTES and GABRIEL ENRIQUE YBARRA-VILLASENOR, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-1044-B |
| HANK HAVENS, in his individual and official capacities, and ROCKWALL COUNTY SHERIFF'S OFFICE, | § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (doc. 10) filed by Defendants Deputy Hank Havens in his individual and official capacities ("Deputy Havens") and Rockwall County Sheriff's Office (the "Sheriff's Office") (collectively, "Defendants") on April 15, 2014. Defendants seek the dismissal of the claims asserted by Plaintiffs Francisco Cortes ("Cortes") and Gabriel Enrique Ybarra-Villasenor ("Ybarra") under 42 U.S.C. § 1983 and Article I, Section 9 of the Texas Constitution, as well as all claims against the Sheriff's Office. Doc. 10, Defs.' Mot. to Dismiss 3–6. For the reasons stated below, the Motion is **GRANTED**.

# I.

## BACKGROUND[1]

In their Original Complaint ("Complaint"), filed on March 24, 2014, Plaintiffs Cortes and Ybarra allege that Defendant Deputy Havens made an unreasonable search and seizure of Plaintiffs' property. Doc. 1, Compl. 1. Plaintiffs further state that these alleged constitutional violations occurred as a result of the policies and customs of the Sheriff's Office. *Id.* at 2.

Plaintiffs' allegations arise from the following events. In 2011, at the direction of Cortes, Ybarra traveled from Mexico to the United States to attempt to purchase a recreational vehicle. *Id.* Cortes provided Ybarra with funds and instructed him to purchase a vehicle if he found one that would be suitable for Cortes. *Id.* at 2–3. After searching for such a vehicle in Arkansas and Tennessee without success, Ybarra returned to Mexico, passing through Rockwall County, Texas. *Id.* at 3. On November 4, 2011, while driving on his route to Mexico, Ybarra was stopped by Deputy Havens pursuant to a traffic stop for allegedly following too closely. *Id.* Deputy Havens then searched Ybarra's vehicle and seized $252,795.00 found inside. *Id.* Deputy Havens then transported Ybarra's vehicle to the Sheriff's Office in order to conduct a secondary search. *Id.* Following the secondary search, Deputy Havens and the Sheriff's Office released Ybarra; Plaintiffs assert that Ybarra was neither arrested nor presented before a magistrate. *Id.* Finally, Plaintiffs maintain that "video evidence of the traffic stop revealed no violation of the Texas Transportation Code." *Id.*

Plaintiffs allege that on December 1, 2011, the State of Texas filed its Original Notice of

---

[1] The Court draws its factual account from the allegations contained in Plaintiffs' Original Complaint (doc. 1), as well as from the attachments and documents incorporated therein by reference. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Seizure and Intent to Forfeit (the "Original Notice").[2] *Id.* The notice was subsequently amended three times to list additional claims and to include Cortes as a respondent. *Id.* Plaintiffs contend that Cortes was never served with such a notice, but that he nonetheless filed an answer on February 21, 2014. *Id.* They further insist that at no time during the pendency of the Original Notice has a reviewing court or magistrate determined: (1) whether reasonable suspicion or probable cause existed to conduct a traffic stop on Ybarra's vehicle; (2) whether probable cause existed to support the seizure of $252,795.00; (3) whether probable cause existed at the time of the seizure to believe that the property seized was contraband as defined in article 59.01(2) of the Texas Code of Criminal Procedure; or (4) whether the seizure was authorized under Article 59.03(b) of the Texas Code of Criminal Procedure. *Id.*

On March 24, 2014, Plaintiffs filed a complaint with this Court against Defendants Deputy Havens and the Sheriff's Office. Plaintiffs allege that Defendants' acts (1) violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure; (2) violated their rights under the Fifth and Fourteenth Amendments to the United States Constitution by taking property without just compensation and without due process of law; and (3) violated their rights under Article I, Section 9 of the Texas Constitution to be free from unreasonable search and seizure. *Id.* at 3–4. Plaintiffs further claim that as a direct and proximate result of Defendants' actions, they suffered the loss of $252,795.00. *Id.*

Plaintiffs thus bring claims for damages under 42 U.S.C. § 1983 against both Deputy Havens and the Sheriff's Office. *Id.* at 4. With respect to the Sheriff's Office, Plaintiffs specifically allege that,

---

[2] The Court construes Plaintiffs' reference to "plaintiffs" in this context as designating the State of Texas and the officials responsible for issuing the Original Notice. *See* Compl. 3.

"prior to November 4, 2011, [the Sheriff's Office] developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in and/or traveling in Rockwall County, Texas, which caused the violation of [Plaintiffs'] constitutional rights." *Id.* They further maintain that the policies and customs of the Sheriff's Office resulted in its failure to exercise reasonable care in hiring and supervising its deputies, including Deputy Havens, and that it did not adequately prevent these deputies' constitutional violations. *Id.* at 5. Plaintiffs contend that as a result of these policies, the deputies at the Sheriff's Office, including Deputy Havens, "believed that their actions would not be properly monitored, investigated, or sanction[ed], but would be tolerated." *Id.* In addition to damages, Plaintiffs request an award of punitive damages, pre- and post-judgment interest, as well as attorneys' fees. *Id.* at 4–5.

Defendants did not file an answer, but instead filed the present Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] Doc. 10, Defs.' Mot. to Dismiss 1. Defendants seek dismissal of Plaintiffs' federal claims, arguing that they are barred by the applicable two-year statute of limitations. *Id.* They further seek dismissal of Plaintiffs' claims under Article I, Section 9 of the Texas Constitution.[4] *Id.* at 2. They also argue that the claims against the Sheriff's Office must be dismissed altogether because the Sheriff's Office is not a jural entity amendable to suit. *Id.* Finally, they maintain that no claim for punitive damages can be made against the Sheriff's

---

[3] Defendants list Federal Rule of Civil Procedure 12(b)(1) in their initial statement of the grounds for their Motion, but they include no further discussion of the rule's implications for Plaintiffs' claims.

[4] Plaintiffs do not articulate distinct causes of action under Article I, Section 9 of the Texas Constitution, but rather allege that their rights under this constitutional provision were violated. Compl. 4. Because both Defendants and Plaintiffs address this as a separate cause of action in their briefing pursuant to the Motion to Dismiss, the Court addresses the allegation of violations of the Texas Constitution as a distinct claim.

Office because it is a governmental entity. *Id.* Plaintiffs filed a Response (doc. 12) to the Motion to Dismiss on May 6, 2014, and Defendants submitted their Reply (doc. 13) on May 13, 2014. Therefore, the Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the

complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Defendants Deputy Havens and the Sheriff's Office seek dismissal of Plaintiffs Cortes' and Ybarra's claims under 42 U.S.C. § 1983 and Article I, Section 9 of the Texas Constitution. Defs.' Mot. to Dismiss 1–4. They also argue that the claims against the Sheriff's Office must be dismissed altogether because the Sheriff's Office is not a jural entity amendable to suit. *Id.* at 4–5. Finally, they maintain that no claim for punitive damages can be made against the Sheriff's Office because it is a governmental entity. *Id.* The Court reviews the arguments for each claim, in turn, below.

A.      *Statute of Limitations*

The Court first considers Defendants' argument that Plaintiffs' claims brought pursuant to the Unites States Constitution and 42 U.S.C. § 1983 are barred by the two-year statute of limitations that applies to such actions. Defs.' Mot. to Dismiss 3. Plaintiffs allege that their federal constitutional rights were violated during the search and seizure of November 4, 2011. *See* Compl. However, because Plaintiffs did not file their complaint until March 24, 2014, over two years after the incident giving rise to their claims, Defendants argue that the claims are barred by the statute of limitations. Defs.' Mot. to Dismiss 3.

In response, Plaintiffs agree that the applicable statute of limitations is two years, and they do not challenge Defendants' assertion that Plaintiff Ybarra's federal claims are barred. Pls.' Resp. 3. However, they assert that the limitations period did not begin to run against Plaintiff Cortes until after the Rockwall County District Attorney's Office named Cortes as a respondent in its Second

Amended Notice of Seizure and Intent to Forfeit on January 14, 2013.[5] *Id.* Therefore, they argue, the limitations period did not begin to run until January 14, 2013, when Cortes was allegedly notified of the seizure of the currency. *Id.* In support of this contention, Plaintiffs direct the Court to Chapter 59 of the Texas Code of Criminal Procedure, which governs actions for forfeiture in Texas. Tex. Code Crim. Proc. § 59.01 *et seq.*; Pls.' Resp. 3. The statute provides that, when property is seized, the attorney representing the State of Texas must commence forfeiture proceedings no more than thirty days after the date of the seizure and provide notice to the owner of the property or any person with interest in it. Tex. Code Crim. Proc. §§ 59.04(a)–(b).

Claims of violations of the United States Constitution brought under 42 U.S.C. § 1983 are governed by the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985); *Kline v. N. Tex. State Univ.*, 782 F.2d 1229, 1232 (5th Cir. 1986). In Texas, the applicable statute of limitations in a general personal injury lawsuit is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a).

Even though the Texas statute of limitations applies to § 1983 claims, "the question of when the cause of action accrues is a matter of federal, not state, law." *Longoria v. City of Bay, Tex.*, 779 F.2d 1136, 1138 (5th Cir. 1986) (citing *Moore v. El Paso Cnty., Tex.*, 660 F.2d 586, 590 (5th Cir. 1981); *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). Under the federal standard, a § 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the

---

[5] Specifically, Plaintiffs argue that the Rockwall County District Attorney's Office "did not attempt to provide notice to Cortes until after [it] named Cortes as a respondent in its Second Amended Notice of Seizure and Intent to Forfeit on January 14, 2013." Pls.' Resp. 3. Plaintiffs do not indicate whether Cortes was aware of the seizure prior to the issuance of the notice; they merely assert January 14, 2013 as the date on which the action against him accrued. *Id.*

basis of the action." *Id.* (citing *Lavellee*, 611 F.2d at 1131). Therefore, the limitations period begins to run when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992)). Whether a plaintiff has such awareness depends on: (1) the existence of the injury; and (2) the cause or connection between the injury and the defendant's actions. *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). Moreover, "[a] plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Id.* A plaintiff likewise need not have actual knowledge of the events giving rise to the injury "if the circumstances would lead a reasonable person to investigate further." *Id.* (quoting *Piotrowski*, 51 F.3d at 516). The fact that the alleged injury results from a search and seizure does not, standing alone, necessitate the tolling of the limitations period. *See LeBlanc v. City of Haltom City*, No. 4:10-CV-812-A, 2011 WL 2149908, at *5 (N.D. Tex. May 31, 2011) (citing *Piotrowski*, 237 F.3d at 576) (the reason for "non-tolling of a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment applies equally to claims seeking damages for unconstitutional searches and seizures and related activities").

Based on the allegations in Plaintiffs' Complaint, which are taken as true when assessing a motion to dismiss, the Court finds no suitable reason to toll the limitations period applicable to Plaintiff Cortes. Nowhere do Plaintiffs allege that Cortes did not know or have reason to know of the search and seizure. Based on the facts alleged and the relationship between Cortes and Ybarra, Cortes is held to have had "sufficient information to know that he [had] been injured" shortly after the November 4, 2011 search and seizure occurred. *See Piotrowski*, 237 F.3d at 576. The currency

seized from the vehicle which Ybarra was driving at least in part belonged to Cortes,[6] thus

establishing the existence of an alleged injury. *See id.* Moreover, Cortes is held to have been aware

of the cause of the injury or the connection between the injury and Defendants' actions, because

Ybarra, who was present during the search and seizure and was released shortly thereafter, had been

given funds by Cortes for the purchase of a vehicle. *Id.* The fact that Cortes sent Ybarra in search of

a vehicle and provided him with the funds necessary to purchase it, combined with the fact that

Ybarra returned to Cortes with neither a newly purchased vehicle nor the funds allocated for its

purchase, creates "circumstances [that] would lead a reasonable person to investigate further." *Id.*

Plaintiffs rely on the fact that Cortes was allegedly not named on the Rockwall County

District Attorney's Office Notice of Seizure and Intent to Forfeit until January 14, 2013. Pls.' Reply

3. They thus argue that the limitations period did not begin to run against Cortes until he received

such notice, and that consequently, the March 24, 2014 Complaint is not barred by the two-year

statute of limitations. *Id.* at 3–4. However, whether a plaintiff knows or has reason to know of an

injury and its causal connection to the defendant does not depend on the receipt of such notice.

Cortes may not have been aware of the legal issues underlying the seizure and may not have been

informed of the specifics included in the Rockwall County District Attorney's Office Notice of

Seizure and Intent to Forfeit until January 14, 2013, but this in no way indicates that he did not

know or have reason to know of the seizure itself until that date. *Piotrowski*, 237 F.3d at 576; *see also*

---

[6] Plaintiffs do not specify whether the entire amount seized belonged to Cortes, but they do indicate that Ybarra was in possession of Cortes' money for the purpose of purchasing a vehicle for him. Compl. 2–3. Because Ybarra was unable to purchase a vehicle while in the United States, it may be inferred that Cortes' money remained with Ybarra and was seized on November 4, 2011; Plaintiffs do not present any allegations to the contrary. *Id.*

*LeBlanc*, 2011 WL 2149908, at *4–5 (finding that an action challenging a search and seizure accrued on the date of the search and seizure and declining to find that the criminal proceedings against plaintiffs tolled the limitations period).

In sum, the Court disagrees with Plaintiffs' argument that the limitations period against Cortes began to run after he was named on the Notice of Seizure and Intent to Forfeit. The alleged violations of Plaintiffs' constitutional rights occurred on November 4, 2011, but Plaintiffs did not file their complaint against Defendants until March 24, 2014, over two years after the incidents that form the basis of the § 1983 claim. Compl. 1–3. Accordingly, the Court finds that Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the two-year statute of limitations and therefore **GRANTS** Defendants' motion with respect to these claims.[7]

B.      *Claims under Article I, Section 9 of the Texas Constitution*

The Court next considers Plaintiffs' allegations that Defendants violated their rights under Article I, Section 9 of the Texas Constitution, which provides that "[t]he people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Tex. Const. art. I, § 9. Defendants seek dismissal of these claims, asserting that the Texas Constitution does not provide for private causes of action for damages. Defs.' Mot. to Dismiss 4.

---

[7] The Court's ruling does not include or require an analysis of whether the search and seizure, and notification of Plaintiffs were executed in accordance with constitutional principles but is solely based on the narrow issue of the applicability of the statute of limitations.

The Court agrees with Defendants and finds that Plaintiffs cannot assert a private cause of action for alleged violations of the Texas Constitution. Defendants direct the Court to *City of Beaumont v. Bouillion*, in which the Texas Supreme Court held that there is no implied private right of action under the free speech and free assembly sections of the Texas Constitution. 896 S.W.2d 143, 147–50 (Tex. 1995). The Texas Supreme Court concluded that, upon "review of the language of the Constitution," there "is no basis from the text of the Constitution to assume a party is given more than equitable protection." *Id.* at 149. The ruling of *Bouillion* "has since been expanded to recognize there is 'no private cause of action against a governmental entity or its officials for money damages relating to alleged violations of Texas constitutional rights.'" *McHenry v. Stinnett Police Dep't*, No. 2:13-CV-0228-J, 2014 WL 4771768, *10 (N.D. Tex. Aug. 8, 2014) (quoting *Hamilton v. Pechacek*, 319 S.W.3d 801, 812–13 (Tex.App.—Fort Worth 2010, no pet.)) (dismissing plaintiff's claim for damages pursuant to Article I, Section 9 of the Texas Constitution for alleged violations of the right to be free from unreasonable searches and seizures).

In response, Plaintiffs direct the Court to *Weyer v. Wegner* for the proposition that a person whose right to be free from unreasonable search and seizure has been violated can bring a civil action for damages against the officer who committed the act. 58 Tex. 539 (1883). As Defendants note, Plaintiffs' reliance on this case is misplaced. Defs.' Reply 4. The claim in *Weyer* did not arise under the Texas Constitution, but was rather a claim for trespass on real property; nowhere does the *Weyer* court discuss a private cause of action under the Texas Constitution. *Id.* at 542.

The distinction between a private cause of action created by the Texas Constitution and an independent tort claim is further discussed by the Texas Supreme Court in *Bouillion*. 896 S.W.2d

143. Examining the history of Texas common law and finding that it has not provided a cause of action for violations of constitutional rights, the Texas Supreme Court stated:

> The only Texas case we can find that can be read to allow an award of damages for violation of constitutionally protected rights is *Gold v. Campbell*, 54 Tex. Civ. App. 269, 117 S.W. 463 (Tex. Civ. App.—El Paso 1909, no writ). There, the court of appeals recognized that a victim of false imprisonment could pursue a tort cause of action against an officer. However, the cause of action alleged in *Gold* was the traditional common law tort of false imprisonment, not a tort for the violation of constitutional rights. *Gold* did not create a new cause of action; rather, it recognized that an officer who acts outside the scope of his authority is amenable to suit under a traditional common law cause of action. We disapprove of any interpretation of *Gold* that concludes it authorized a constitutional tort cause of action.

896 S.W.2d at 150.

Based on this line of reasoning, the Court concludes that there is no legal basis for Plaintiffs' claims for violations of the Texas Constitution. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss with respect to these claims.

C.   *Claims Against the Sheriff's Office*

The Court turns to Plaintiffs' claims against the Sheriff's Office and considers Defendants' argument that these claims should be dismissed because the Sheriff's Office is a non-jural entity that is not susceptible to lawsuits. Defs.' Mot. to Dismiss 4–5.

An entity's capacity to sue or be sued is "determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). An agency or department may not be sued unless it "enjoy[s] a separate legal existence." *Id.* (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Therefore, "[u]nless the political entity that created the department has taken 'explicit steps to grant the

servient agency with jural authority,' the department lacks the capacity to sue or to be sued." *McGilbert v. Montgomery Cnty. Sheriff's Dep't.*, No. H-11-3105, 2013 WL 655706, at *2 (S.D. Tex. Feb. 20, 2013) (quoting *Darby*, 939 F.2d at 313). The burden of showing that the city or county department has the capacity to be sued rests on the plaintiff. *Id.* (citing *Darby*, 939 F.2d at 314).

In their Response, Plaintiffs concede that "the Sheriff's Office is not amenable to suit" and state that they "ultimately filed suit against the wrong governmental entity." Pls.' Reply 4. They maintain, however, that "the selection of the Sheriff's Office as the party . . . should be viewed as nothing more than a remedial pleading defect" and ask the Court for leave to amend the pleadings so as to sue the correct entity. *Id.* Defendants offer no reply to Plaintiffs' request to amend their pleadings.

Leave to amend, though not automatic, should be freely granted. *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). The Court has discretion whether to allow the opportunity to amend, and must "consider whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments." *Id.* Specifically, when a plaintiff fails to sue the proper party and instead sues a non-jural entity, the court may grant leave to amend after considering the timeliness of the motion, any unfairness to the proper defendants, and whether any prejudice may arise from the denial of leave to amend. *Darby*, 939 F.2d at 314–15; *Chitimacha Tribe of La.*, 690 F.2d at 1163; *Chancery Clerk of Chickasaw Cnty, Miss. v. Wallace*, 646 F.2d 151, 160 (5th Cir. 1981).

In this case, Plaintiffs have thus far made no amendments to their pleadings. They have been litigating this matter for less than a year, and in that time have only received the present Motion to Dismiss as Defendants's response to their Complaint. Plaintiffs made the request to amend and sue

- 13 -

the proper legal entity upon learning of Defendants' objection to the claims against the Sheriff's Office stated in their Motion to Dismiss, and Defendants offer no reasons why such leave should not be granted. Based on the foregoing reasons, the Court finds that Plaintiffs may amend their pleadings so as to assert claims against the proper legal entity. However, Plaintiffs must recognize the restrictions imposed by the statute of limitations and the absence of tolling, which the Court has discussed above.

Upon review of the pleadings, and in light of Plaintiffs' concession that the Sheriff's Office is a non-jural entity, the Court **GRANTS** Defendants' Motion to Dismiss the claims against the Sheriff's Office. The Court further **GRANTS** Plaintiffs' request to amend so as to sue the correct legal entity. If they are able to amend their pleadings, Plaintiffs are to do so within thirty days of this Order.

Because both Plaintiffs and Defendants agree to the dismissal of the claims against the Sheriff's Office, the Court finds no need to specifically address Defendants' Motion to Dismiss Plaintiffs' request for punitive damages against the Sheriff's Office. Having granted Defendants' Motion with respect to Plaintiffs' claims against the Sheriff's Office, the Court accordingly **GRANTS** Defendants' Motion to Dismiss Plaintiffs' request for punitive damages against the Sheriff's Office.

## IV.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss (doc. 10) filed by Defendants Deputy Hank Havens and Rockwall County Sheriff's Office is hereby **GRANTED** in its entirety. Therefore, Plaintiffs' claims are dismissed as follows:

- • Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the statute of limitations and

are **DISMISSED WITH PREJUDICE**;

• Plaintiffs' claims under Article I, Section 9 of the Texas Constitution are without merit and are **DISMISSED WITH PREJUDICE**;

• Because Rockwall County Sheriff's Office is not amenable to suit, Plaintiffs' claims and request for punitive damages against the entity are without merit and are **DISMISSED WITH PREJUDICE**. However, within thirty days of this Order, Plaintiffs may amend their pleadings so as to sue the correct legal entity, but must recognize the restrictions imposed by the statute of limitations, as discussed above.

**SO ORDERED.**

**SIGNED: December 5, 2014.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE